### THE ROSALIE McLOUGHLIN.

#### GUINAN v. CRESCENT SAND & GRAVEL CO.

(District Court, E. D. New York. January 19, 1911.)

SHIPPING (§ 58*)—SINKING OF SCOW IN LOADING—UNSEAWORTHINESS.

The sinking of a scow while being loaded with sand by the charterer *held*, under the evidence, not to have been due to any fault or negligence of the charterer in loading, which rendered it liable for the injury to the vessel, but to the fact that the scow was not seaworthy, as represented, but leaked, which caused her to list and dump her load, and rendered the owner liable for its value and the expense incurred by the charterer in raising and removing her.

[Ed. Note.—For other cases, see Shipping, Dec. Dig. § 58.*]

In Admiralty. Suit by the Crescent Sand & Gravel Company against the scow Rosalie McLoughlin, Bridget Guinan claimant, with cross-libel by claimant. Decree for libelant.

Armstrong, Brown & Boland, for Crescent Sand & Gravel Co.
James J. Macklin, for Bridget Guinan.

CHATFIELD, District Judge. The libelant Guinan was the owner of a scow, the Rosalie McLoughlin, which had previously been used for carrying sand from the works of the Crescent Sand & Gravel Company, at Port Washington, Long Island. At that time the scow leaked so that she required trimming and pumping to prevent disaster. She was subsequently caulked and repaired, and used for the carrying of coal.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

There is some dispute as to whether she did or did not leak with the cargo of coal, but at any rate, upon the 21st of May, 1909, her owner having represented that she had been made seaworthy, she was again chartered to go to Port Washington, to bring a cargo of sand to New York, at the rate of $5 a day, the towing, wharfage, loading, and discharging of the scow to be at the expense of the respondent, who also paid the captain for trimming.

Upon her arrival she was placed under what are called the "bridges," which in reality are three small slips, with a trestle structure over each slip. A track for the dump cars runs out in the middle of each trestle; the sand thus being dumped over the line of the keel of the vessel, which substantially fills the slip when in position for loading.

The Rosalie McLoughlin was loaded with the amount of sand which the respondent's servants thought should be placed on board, and there is some testimony that her captain thought he could take a load or two more. Some dispute was had as to the question of trimming, and one witness testifies that the vessel was receiving more sand on one side than on the other, and listed until her rail was under water, but that, when some of the claimant's men trimmed the vessel, she gradually listed in the other direction. Soon after she sank, and dumped part of her load of sand in the slip, necessitating the services of wreckers to remove the boat herself, and of a tug to "kick out" the deposited sand from the slip.

The Crescent Sand & Gravel Company have filed a libel for the loss of sand, the expenses of wreckage and towage, and the necessary work to remove the sand deposited in the slip. The libelant Guinan has filed a cross-libel for the damage to the scow.

The evidence upon the trial shows that the vessel, as has been said, did sink, and did dump her load of sand; but no permanent injury to the dock was shown, nor did the Crescent Sand & Gravel Company apparently suffer any damage, except the loss of the sand itself, the cost of removing the vessel, and of "kicking out" the sand. The necessity for dredging was not proven.

As to the claim of Guinan, it must be held that no negligence in the method of loading, nor in the care of the boat, on the part of the Crescent Sand & Gravel Company, was shown. Some testimony was introduced to indicate that the captain of the boat went to a neighboring village and was occupied with matters relating to him personally, and that he did not care for his boat. But, whether that be so or not, the testimony indicates sufficiently that the boat leaked and acquired a list, which caused her load to shift, and that no other explanation of the accident can be predicated upon the evidence.

The libel of Bridget Guinan should be dismissed, without costs, and the claim of the libelant the Crescent Sand & Gravel Company should be allowed, to the extent of the value of a boat load of sand, the cost of removing the vessel and the sand, with the costs of the cross-libel.